UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LUTHER VIRGIL, ET AL.                    CIVIL ACTION

VERSUS                                   NO: 07-4351

HORACE MANN INSURANCE                    SECTION: "J"(5)
COMPANY, ET AL.

### ORDER AND REASONS

Before the Court is Defendant Fidelity National Property and Casualty's **Motion to Quash Jury Demand (Rec. Doc. 23)**.  This motion was set for hearing on June 25, 2008 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds that defendant's motion should be granted.

This lawsuit arises out of damages caused to plaintiff's property by Hurricane Katrina.  Plaintiffs sued Horace Mann Insurance Company ("Horace Mann") as their homeowner's insurance provider and Fidelity National Property and Casualty ("Fidelity") as a "Write Your Own" ("WYO") flood insurance provider for the National Flood Insurance Program ("NFIP").  Plaintiffs concede that they do not have a right to a jury trial on claims against

Fidelity.  Fidelity, as a WYO program carrier, appears in this case as a fiscal agent for the United States.  42 U.S.C. § 4071(a)(1).  This Court has consistently held that "when a claimant brings an action under 42 U.S.C. § 4072 against...a WYO for coverage on the policy or disputes regarding terms of the policy a right to a jury trial is denied."  <u>Leach v. Ameriquest Mortgage Servs.</u>, No. 06-1981, 2007 WL 2668888, at *1 (E.D. La. Sept. 6, 2007) (quoting <u>Schrempp v. Liberty Mut. Fire Ins. Co.</u>, Nos. 06-9240, 06-10527, 2007 WL 2174629, at *1 (E.D. La. July 25, 2007).

While conceding that they are not entitled to a jury trial on claims against Fidelity, plaintiffs maintain their jury demand regarding claims against Horace Mann.  To ease the presentation of evidence and to maintain an efficient trial plaintiffs request that the jury empaneled to decide the Horace Mann claims be utilized as an advisory jury with regard to the Fidelity claims.  Federal Rule of Civil Procedure 39(c) provides that the Court may try an issue with an advisory jury when the action is not triable of right by a jury.  The Court agrees with plaintiff that use of an advisory jury would streamline the trial process.  Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Quash Jury Demand (Rec. Doc. 23)** is hereby **GRANTED**.  The jury empaneled to decide claims against Horace Mann will be used as an advisory jury for

claims against Fidelity.


        New Orleans, Louisiana, this 15th day of August, 2008.


                                    _____
                                    CARL J. BARBIER
                                    UNITED STATES DISTRICT JUDGE